NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WALSH & EILEEN WALSH,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RECOVERY SERVICE INCORPORATED,<br><br>Defendant. | Case No.  2:21-cv-01717<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.;**<br><br>**2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COME** BRIAN WALSH and EILEEN WALSH ("Brian" and "Eileen" collectively known as "Plaintiffs"), by and through their undersigned counsel, complaining of AMERICAN RECOVERY SERVICE INCORPORATED as follows:

**NATURE OF ACTION**

1.  Plaintiffs bring this action against American Recovery Service Incorporated seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*,

1

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the TCPA and FDCPA.

4. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as AMERICAN RECOVERY SERVICE INCORPORATED conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

6. Plaintiffs are natural persons over 18-years-of-age who, at all times relevant, resided and was domiciled in Connecticut.

7. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(39).

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. AMERICAN RECOVERY SERVICE INCORPORATED ("Defendant") is a corporation organized and existing under the laws of California.

10. Defendant has its principal place of business at 555 St. Charles Dr. Suite 100, Thousand Oaks, California, 91360.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACUTAL ALLEGATIONS

14. At all times relevant, Eileen was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0963.

15. At all times relevant, Eileen's number ending in 0963 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Eileen was financially responsible for her cellular telephone equipment and services.

17. At all times relevant, Brian was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1120.

18. At all times relevant, Brian's number ending in 1120 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

19. At all times relevant, Brian was financially responsible for his cellular telephone equipment and services.

20. In the fall of 2020, on or around September to be specific, Plaintiffs started to receive phone calls from Defendant to their cellular phones.

21. Additionally, Eileen received a letter from Defendant on or around September 9, 2020.

22. Defendant was attempting to collect upon an alleged Bank of America debt owed by Eileen. ("subject debt").

23. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5) because it was incurred or allegedly incurred for personal or family purposes.

24. Shortly after Defendant's calls began, Brian answered a call to determine the reason for Defendant's calls.

25. Brian informed Defendant that he does not have an account with Defendant and requested they stop contacting him.

26. Unfortunately, Defendant continued to place unconsented to and unwanted collection calls to Brian's cellular telephone.

27. Specifically, a number of the calls that Brian answered he was greeted by a conspicuous lengthy pause and was required to say "hello" a number of times prior to being connected to a representative.

28. On other calls that Brian answered, he was a greeted with an automated message instructing him to wait for a representative.

29. In total, Defendant placed no less than 10 harassing collection calls to Brian's cellular phone after Brian requested that the collection calls cease, including calls from the phone number (888)395-2774.

30. Brian was perplexed as to why Defendant continued to attempt to contact him to collect the subject debt after he explained that he no longer wished to receive telephone calls and that he did not owe the subject debt.

31. At no point in time did Brian provide Defendant with his cellular phone number or otherwise provide Defendant with consent to place calls to his cellular phone.

32. Furthermore, Eileen sent a written validation notice to Defendant regarding the subject debt.

33. Unfortunately, Defendant failed to provide a complete and adequate response to Eileen's validation request.

34. Shortly thereafter, on or around November of 2020, Defendant threatened to file a lawsuit against Eileen in an effort to coerce Eileen into making a payment on the subject debt.

35. Eileen, after receiving this threat, requested that all communication stop.

36. Unfortunately Defendant has continued to collect upon the subject debt.

37. To date, Defendant has not filed a lawsuit regarding the subject debt.

## DAMAGES

38. Defendant's harassing phone calls have severely disrupted Plaintiffs' daily life and general well-being.

39. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiffs' time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of their cellular phones, the loss of battery charge, and the per-kilowatt electricity costs required to recharge their cellular telephone as a result of increased usage of their cellular phone.

40. Moreover, each time Defendant placed a telephone call to Plaintiffs, Defendant occupied Plaintiffs' cellular phone such that Plaintiffs' were unable to receive other phone calls or otherwise utilize their cellular phone while their phone was ringing.

41. Concerned with Defendant's continued unwanted and unconsented to collection calls along with their deceptive collection practices, Plaintiffs were forced to retain counsel to compel the calls to cease.

## COUNT I
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

42. Plaintiffs restate and reallege paragraphs 1 through 41 as though fully set forth herein.

43. Defendant placed or caused to be placed at least 10 non-emergency calls, including but not limited to the calls referenced above, to Brian's cellular phone number using an automatic

5

telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

44. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

45. Upon information and belief, based on the lack of prompt human response during the phone calls in which Brian answered, Defendant used an ATDS to place calls to Brian's cellular phone number.

46. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically. *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883, at *25-26 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.")

47. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

48. Furthermore, Defendant violated the TCPA by using an automated message to contact Brian without his consent.

49. Defendant violated the TCPA by placing no less than 10 harassing phone calls to Brian's cellular phone number since November 2020, using an ATDS without his prior express consent.

50. As pled above, Brian never provided consent to be contacted and assuming arguendo that there was consent he revoked consent to be called on his cellular phone during phone calls that he answered.

51. As pled above, Plaintiffs were severely harmed by Defendant's collection calls to Brian's cellular phone.

52. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

53. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

54. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

55. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiffs for a minimum of $500 per call.

56. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to.

**WHEREFORE**, Plaintiffs, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

   b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiffs; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

57. Plaintiffs restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiffs are "consumers" as defined by FDCPA §1692a(3).

59. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

### a. Violations of FDCPA §1692c

60. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a).

61. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiffs after Plaintiffs requested that the phone calls cease.

62. Specifically, when Plaintiffs requested that the phone calls cease and all communication cease, any time that Defendant called and or communicated after that request became an inconvenient time for Plaintiffs.

63. Defendant further violated 15 U.S.C. § 1692c(a)(1) by continuing to contact Brian specifically on his cellular telephone.

### b. Violations of FDCPA §1692d

64. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

65. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

66. Defendant violated §§1692d and d(5) when it placed no less than 10 collection calls to Brian's cellular phone number since November 2020 attempting to collect the subject debt.

67. Defendant's behavior of systematically calling Brian's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

68. Defendant's collection calls to Brian were made with the specific intent of annoying, harassing, and abusing the Plaintiffs in hopes that they would make a payment on the subject debt.

69. The fact that Defendant knowingly placed calls to Plaintiffs after Plaintiffs made a request for the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiffs.

### c. Violations of FDCPA §1692e

70. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from engaging "in false, deceptive, or misleading representation or means in connection with the collection of any debt."

71. §1692e(5) further prohibits "the threat to take any action that cannot legally be taken or that is not intend to be taken".

72. Defendant violated §1692e(5) when it threatened to take legal action against Eileen when they never had any intention of doing so.

**WHEREFORE,** Plaintiffs, request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;
b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;
c. Awarding Plaintiffs costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: February 24, 2021     Respectfully submitted,

By: /s/ Nicholas M. Wajda

Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com